UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACTORY CONNECTION RACING, INC., A New Hampshire Corporation,<br><br>                    Plaintiff,<br>v.<br><br>RADIATE GROUP, INC., A Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendant. | Civil No. 3:12-cv-1586-JAH (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss Factory Connection Racing, Inc.'s ("Plaintiff" or "FCR") complaint filed by Radiate Group, Inc. ("Defendant"). The motion has been fully briefed by the parties. After careful review of the parties' submissions, and for the following reasons, this Court **GRANTS** Defendant's motion to dismiss.

//
//
//
//
//

# BACKGROUND

## I. Procedural Background

On June 6, 2012, Plaintiff filed a complaint against Defendant alleging the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of the Miller-Ayala Athlete Agents Act ("Act"); (4) Unjust Enrichment; and (5) Declaratory Relief. *See* Doc. No. 1. On August 1, 2012, Defendant filed the instant motion to dismiss Plaintiff's third cause of action for violation of the Act pursuant to the Federal Rule of Civil Procedure 12(b)(6) [Doc. No.6].[1] On September 3, 2012, Plaintiff filed a response in opposition to the motion, including a request for leave to amend. *See* Doc. No. 11. On September 10, 2012, Defendant filed a reply. *See* Doc. No. 14.

After a careful review of the parties' submissions, and for the following reasons, this Court **GRANTS** Defendant's motion to dismiss.

//
//
//

---

[1] In connection with the motion to dismiss, Defendant filed a request for judicial notice of the following five Exhibits: (A) California Secretary of State Athlete Agent Disclosure Form; (B) Assembly Bill No. 1987, as originally introduced on January 3, 1996; (C) Assembly Bill No. 1987, as amended on March 20, 1996; (D) California Senate Judiciary Committee's analysis of the Uniform Athlete Agents Act, Senate Bill No. 1098, as amended on April 5, 2010, in the 2009-10 Regular Session; and (E) Minute Order issued by the Superior Court of California, County of San Diego, North County in Case No. 37-2010-00058757-CU-MC-NC. *See* Doc. No. 7. This Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute because it can be . . . accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201; Grason Elec. Co. v. Sacramento Mun. Util. Dist., 571 F. Supp. 1504, 1521 (E.D. Cal. 1983). In a preclusion context, a federal court may "[take] judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for *res judicata* purposes." Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir.2005); *see also* Holder v. Holder, 305 F.3d 854, 866 (9th Cir.2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial court" for the purposes of ruling on issue preclusion). This Court declines to take judicial notice of Exhibits A-D because they are not the proper subject of judicial notice, *i.e.* of adjudicative facts. This Court also declines to take judicial notice of Exhibit E, the Superior Court Minute Order, because Defendant's motion to dismiss is not based on issue and/or claim preclusion. Therefore, Defendant's request for judicial notice is **DENIED**.

## II.     Factual Background[2]

FCR, a manufacturer of performance motorcycle parts and operator of a professional motorcycle racing team, alleges in its complaint that, on July 26, 2006, the parties entered into a one-year written Representation Agreement ("Agreement"). Under the Agreement, Defendant, a marketing agency, agreed to negotiate and solicit sponsorship opportunities on behalf of FCR. *See* Doc. No. 1 at 2. FCR appointed Defendant as its "exclusive sales agency for the purpose of acquiring all non-endemic (outside the motorcycle industry) sponsorships" for FCR's teams in an "exclusive, worldwide basis for the term hereof." *See* Doc. No. 1-2 at 2. Plaintiff is required to pay commission fees, during and after the expiration of the term of the Agreement, from any sponsorship that Defendant secures for Plaintiff. Id. at 3. Plaintiff alleges that on July 17, 2007, Defendant and FCR agreed in writing to extend the Agreement until July 26, 2008. *See* Doc. No. 1 at 3. In 2009, Defendant became the agent for one of FCR's motocross racers, Trey Canrad ("Canrad"). *See* Doc. No. 1 at 5. FCR advised Defendant that because of its representation of Canrad, Defendant created a conflict of interest, and as such, no further commissions or obligations are owed to Defendant. Id. at 6. Plaintiff maintains that the Agreement is void and unenforceable because Defendant did not comply with the Act by failing to file a disclosure statement with the California Secretary of State and post a surety bond in connection with its relationship with FCR. Id. at 4-6. It is undisputed that Defendant did not at any relevant time satisfy the requirements of the Act. *See* Doc. No. 6-1 at 8.

//
//
//
//
//

---

[2] These background facts are taken from Plaintiff's complaint, the operative pleading here, and are assumed true for purposes of the instant motion. *See* Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 6].

**I.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However,

legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**II.     Analysis**

Defendant argues that Plaintiff lacks standing to pursue a claim under the Act.[3,4] *See* Doc. No. 6-1. Specifically, Defendant argues that Plaintiff lacks standing because it has not alleged sufficient facts to establish FCR has been adversely affected as a result of Defendant's violation of the Act. *See* Doc. No. 6-1 at 15, 18-20. Defendant notes that while the complaint alleges that Defendant violated the Act by failing to comply with its disclosure obligations and by failing to obtain a surety bond, FCR has not alleged how it or any individual athlete has been adversely affected by Defendant's violation of the Act.

---

[3] Because this Court ultimately finds that Plaintiff does not have the requisite standing to bring the instant claim under the Act, this Court will not address Defendant's arguments regarding Plaintiff's failure to state a claim.

[4] Defendant maintains it could not find any binding authority on the issues presented in its motion to dismiss. *See* Doc. No. 6-1 at 17. Defendant, however, presents both an unpublished San Diego Superior Court Minute Order and a Texas Arbitration Award as persuasive authorities. *See* Doc. Nos. 7-5 and 6-2. In opposition, Plaintiff argues Defendant improperly cited to unpublished decisions because they have no precedential value. *See* Doc. No. 11 at 21-22 (citing Ninth Circuit Rule 36-3)("Unpublished dispositions and orders of this Court are not precedent."). Defendant, in reply, argues that to the extent that Rule 36-3 is applicable, Defendant complied because the Rule expressly permits courts to cite "[u]npublished dispositions and orders of this Court issued on or after January 1, 2007." *See* Doc. No. 14 at 8-9 (citing Ninth Circuit Rule 36-3(b). Although the authority Defendant cites is not binding precedent, this Court finds they have persuasive value. Therefore, this Court may rely upon these unpublished decisions as persuasive authority. *See* Nuh Nhuoc Loi v. Scribner, 671 F. Supp. 2d 1189, 1201, n. 10 (S.D. Cal 2007); Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1167, n .1 (S.D. Cal. 2009).

*See* Doc. No. 6-1 at 15, 18-20 (citing Cal. Bus. & Prof. Code § 18897.8(a)). Defendant points out that the complaint alleges FCR suffered damages due to Defendant's representation of Canrad. *See* Doc. No. 6-1 at 19. Defendant argues, however, that its representation of Canrad does not constitute a violation of the Act. Id. Defendant, therefore, claims that based on the allegations in the complaint, FCR does not have standing to bring this action because it has not suffered any injury as a result of the alleged violation. *See* Doc. No. 6-1 at 19-10.

In opposition, Plaintiff argues that Defendant's failure to comply with the Act adversely affected FCR because it was unable to determine whether Defendant was simultaneously representing competitors seeking the same motosport sponsorships. *See* Doc. No. 11 at 20. Plaintiff contends that based on Defendant's failure to comply with the Act, Plaintiff paid Defendant $808,683.56 in commissions that it was not entitled to receive. Id. Plaintiff also contends that the Act is a strict liability statute, and that under section 18897.8(b), even if there are no actual damages, a plaintiff may recover $50,000, as well as punitive damages, fees and costs. *See* Doc. No. 11 at 20.

In reply, Defendant argues that the alleged "adverse effect" –that FCR was unable to determine whether Defendant was simultaneously representing competitors seeking the same sponsorships– show that FCR does not have a viable claim under the Act because FCR's assertion is a hypothetical about Defendant possibly representing a competitor. *See* Doc. No. 14 at 4. Defendant argues that FCR's assertion at most gives rise to a theoretical breach of contract claim. Id. In addition, Defendant notes that FCR does not allege how it suffered because Defendant did not secure a surety bond pursuant to the Act. Id.

Section 18897.8(a) states: Any professional athlete ... or any other person may bring a civil action for recovery of damages from an athlete agent, if that professional athlete ... or that other person is adversely affected by the acts of the athlete agent or of the athlete agent's representative or employee in violation of this chapter. In regards to damages, section 18897.8(b) states: A plaintiff that prevails in a civil action brought

under this section may recover actual damages, or fifty thousand dollars ($50,000), whichever is higher; punitive damages; court costs; and reasonable attorneys' fees.

Under section 18897.8(a), Plaintiff must allege it was adversely affected by Defendant's violations of the Act in order to bring an action pursuant to the Act. As such, the Act is not a strict liability statute. Furthermore, this Court finds Plaintiff's argument that FCR was damaged because it paid Defendant $808,683.56 in commissions that it was not entitled to receive does not establish actual damage resulting from Defendant failing to file a disclosure statement and to secure a surety bond pursuant to the Act. While Plaintiff alleges that because Defendant failed to file a disclosure statement, it could not determine if Defendant was representing competitors, Plaintiff does not allege that Defendant was representing competitors or that it was damaged by Defendant's representation of a competitor. Plaintiff also alleges that FCR paid Defendant a commission that Defendant was not entitled to receive, however, Plaintiff does not state that such a payment would not have been made but for Defendant's violation of the Act. Therefore, Plaintiff has not alleged facts sufficient to establish it has been adversely affected by Defendant's failure to comply with the Act. Thus, this Court finds that Plaintiff lacks standing to pursue a claim under the Act, and accordingly, **GRANTS** Defendant's motion to dismiss. Because it is possible for Plaintiff to allege sufficient facts to establish it has been adversely affected as a result of Defendant's violation of the Act, Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.[5]

//
//
//
//

---

[5] Defendant also requests that this Court award Defendant fees pursuant to the Agreement should it prevail on its motion to dismiss. *See* Doc. No. 6-1 at 20. Because Plaintiff's claim under the Act is dismissed without prejudice, Defendant's request for fees is premature, and thus, **DENIED**.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss [Doc. No. 6] is **GRANTED** and Plaintiff's claim under the Act is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and

2. Plaintiff may file an amended complaint that cures the deficiencies outlined herein **no later than April 22, 2013.**

Dated:   March 21, 2013

*[signature]*
JOHN A. HOUSTON
United States District Judge